UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICIA PLUMMER, #378916,**

    Petitioner,

                                    Civil No: 2:07-CV-13857
                                    Honorable George Caram Steeh
                                    Magistrate R. Steven Whalen

v.

**SUSAN DAVIS**,

    Respondents.

_____

## OPINION & ORDER REINSTATING CASE #05-CV-71215 & CONSOLIDATING CASE #07-CV-13857

**I.**

This matter is before the Court on Petitioner's, Patricia Plummer's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Huron Valley Women's Facility in Ypsilanti, Michigan, is challenging her October 18, 2001 conviction of two counts of felony murder, armed robbery and possession of a firearm during the commission of a felony following a jury trial in Genesee County Circuit Court.

Petitioner filed a habeas petition on March 29, 2005 under case number 05-CV-71215. Shortly thereafter she filed a "Motion to Hold in Abeyance and/or Motion to Dismiss Without Prejudice" so that she could properly federalize and exhaust her state court claims. The Court entered an order on April 29, 2005 granting Petitioner's motion to dismiss her petition without prejudice, but denying her request to hold the matter in abeyance. Petitioner filed a motion for relief from judgment with the trial court which was denied on June 17, 2005. She subsequently filed an application for leave to appeal with the Michigan Court of Appeals which was also denied. *People*

*v. Plummer,* Mich. App. Ct No. 268473 (August 16, 2006). Petitioner appealed the decision to the Michigan Supreme Court and relief was likewise denied. *People v. Plummer,* 477 Mich. 975; 725 N.W.2d 36 (Table) Mich. Sup. Ct. No. 132224 (December 28, 2006). Petitioner is now back before the Court and has filed the present habeas petition under case number 07-CV-13857. Both 2005 and 2007 cases were randomly assigned to Judge George Caram Steeh. For the reasons that follow: (1) case number 05-CV-71215 is reinstated; (2) case number 07-CV-13857 will be consolidated with 05-CV-71215 under the 2005 case number; and (3) case number 07-CV-13857 will be closed upon the entry of this order.

## II.

Regarding reopening case number 05-CV-71215, federal courts have the power to order that a habeas petition be reinstated. See *Woods v. Gilmore*, 26 F.Supp.2d 1093, 1095 (C.D.Ill.1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D.Ill.1997). Because the habeas matter presently before the Court is challenging the same conviction that was presented in Petitioner's March 29, 2005 petition; Petitioner has exhausted and federalized her state court claims to her satisfaction; and this case is affected by the same statute of limitations period as the 2005 case, her petition is ripe for consideration and is properly reinstated.

Relative to consolidating case number 07-CV-13857 with case number 05-CV-71215, it is within the discretion of the Court to determine whether cases involving the same factual and legal questions should be consolidated. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir.1965). For purposes of habeas corpus litigation, in making a decision to consolidate, this Court must consider: specific risks of prejudice to Petitioner's case, possible confusion, inconsistent adjudications of common legal issues, convenience, and judicial economy. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th

Cir.1993). The decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. *Id.* Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. *Id.*

In the instant cases, Petitioner is challenging the same 2001conviction and is raising virtually identical issues, as some exhausted issues have been added to the 07-CV-13857 petition. Therefore, in the interest of convenience the Court finds that it should *sua sponte* consolidate case number 07-CV-13857 with case number 05-CV-71215. Fed. R. Civ. P. 42(a)[1]; *Gentry v. Smith,* 487 F. 2d 571, 581 (5th Cir. 1973).

### III.

For the reasons stated, this Court concludes that Petitioner's 2005 petition should be reopened and her 2007 petition should be consolidated with it in the interest of administrative convenience, in order to preclude any delay in the adjudication of this matter, and to prevent any prejudice that Petitioner may be subjected to as a result of treating the 2007 petition as a new and separate case.

Accordingly,

IT IS HEREBY ORDERED that Case # 05-CV-71215 is **REINSTATED.**

IT IS FURTHER ORDERED that Case # 07-CV-13857 is consolidated with Case #05-CV-71215.

---

[1]**Consolidation of Actions**
Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

IT IS FURTHER ORDERED that all future documents and pleadings relative to this matter be filed under Case #05-CV-71215.

IT IS FURTHER ORDERED that all future documents and pleadings relative to this matter maintain the caption indicated on pleadings filed under Case #05-CV-71215.

IT IS FURTHER ORDERED that the existing district court judge, the Honorable George Caram Steeh, will remain the district court judge in this matter and that Magistrate Judge Steven D. Pepe will remain the magistrate judge.

IT IS FURTHER ORDERED that Case #07-CV-13857 is closed upon the entry of this Order.

Dated: October 11, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 11, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---