UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA PLUMMER,

    Petitioner,

                                        NO. 2:07-CV-13857
                                        GEORGE CARAM STEEH
    v.                              UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY,
<u>AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Patricia Plummer ("Petitioner"), a state prisoner currently confined at the Huron Valley Women's Facility in Ypsilanti, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2001, a jury in Genesee County Circuit Court convicted Petitioner of two counts of felony murder, MICH. COMP. LAWS § 750.316(1)(b), armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b(1). The trial court sentenced Petitioner to two years imprisonment for the felony firearm conviction and to consecutive terms of life imprisonment without the possibility of parole for the felony murder and armed robbery convictions. Petitioner asserts ten claims that she alleges entitle her to habeas relief. Respondent has filed an answer in which she asserts that this action is barred by the applicable statute of limitations. Because this action is time-barred, the court will dismiss it with prejudice.

## I.  BACKGROUND

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims challenging the sufficiency of the evidence and the late endorsement of a prosecution witness.  The court affirmed her convictions.  *People v. Plummer,* No. 237814, 2003 WL 22160440 (Mich. Ct. App. Sept. 18, 2003).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Plummer,* 469 Mich. 1026 (2004).

On March 28, 2005, Petitioner filed a habeas petition with this court raising the same claims presented to the Michigan appellate courts.  *Plummer v. Davis*, 05-CV-71215 (E.D. Mich filed Mar. 28, 2005).  Subsequently, Petitioner filed a motion to hold the petition in abeyance or to dismiss it without prejudice to allow her to return to state court to pursue additional federal-law claims and to exhaust state remedies.  The court declined to hold the petition in abeyance and instead dismissed it without prejudice. *Plummer v. Davis*, No. 05-CV-71215, 2005 WL 1028239 (E.D. Mich. Apr. 29, 2005) (Steeh, J.) ("2005 Order").

The 2005 Order explained that a one-year statute of limitations applies to a habeas petition filed by a state prisoner.  *See* 28 U.S.C. § 2244(d)(1).  It further explained that in light of the procedural posture of the case, nine months of the one-year period expired before Petitioner filed her 2005 federal habeas petition.  *Plummer v. Davis*, No. 05-CV-71215, 2005 WL 1028239 at *2.  It went on to explicitly provide:

> Accordingly, upon dismissal of this action without prejudice, <u>Petitioner will have three months remaining of the one-year period</u>.  Assuming that Petitioner proceeds with her state court remedies in a prompt fashion (before the expiration of the remaining three months), the statute of limitations will be statutorily tolled while Petitioner pursues state collateral

> review.  See 28 U.S.C. § 2244(d)(2).  <u>At the conclusion of those state proceedings, Petitioner should be able to return to federal court within the remaining days of the one-year period</u>.  Accordingly, the Court finds that the statute of limitations and the procedural posture of this case do not warrant holding the habeas petition in abeyance pending the resolution of additional state remedies.

*Id.* (emphasis supplied).

On June 15, 2005, forty-six days after this Court dismissed her first federal petition, Petitioner filed a post-conviction motion with the state trial court, which was denied on June 20, 2005.  *People v. Plummer*, No. 01-007540 (Genesee Cty. Cir. Ct. June 20, 2005) (unpublished).  The court found that her claims lacked merit, that there was not a significant possibility that Petitioner is innocent and that she failed to meet the requirements of MCR 6.508(D)(3)(a) and (b).  *Id.* at 2.  Petitioner filed an application for leave to appeal this denial, which in turn was denied by the Michigan Court of Appeals for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Plummer*, No. 268473 (Mich. Ct. App. Aug. 16, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which it denied on December 28, 2006 for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Plummer*, 477 Mich. 975 (2006).

On September 13, 2007, Petitioner filed the instant petition.  In Respondent's answer, she asserted the statute of limitations as an affirmative defense.  Answer at 5 (Dkt. No. 14).  Petitioner did not respond to the defense in her traverse to the answer.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-

year statute of limitations for habeas actions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d). A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. *See Brown v. McKee*, 232 F.Supp.2d 761, 765 (E.D. Mich. 2002); *Wilson v. Birkett*, 192 F.Supp.2d 763, 765 (E.D.Mich.2002).

As noted above, Petitioner had three months or ninety days remaining of the one-year statute of limitations at the time this Court dismissed her first habeas petition on April 29, 2005. Because Petitioner allowed forty-six days to elapse between the dismissal of that petition and the initiation of her state collateral proceedings on June 15, 2005, Petitioner had forty-four days to file a timely habeas petition after her collateral proceedings concluded. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Cowherd v. Million*, 380 F.3d 909, 912-14 (6th Cir. 2004). Petitioner did not have one year following the conclusion of collateral proceedings. *Fugate v. Booker*, 321 F.Supp.2d 857, 860 (E.D. Mich. 2004) (AEDPA limitations period did not begin to run anew when state court concluded post-conviction proceedings); *see also Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir.2001) (distinguishing between initiation of limitations period at conclusion of direct review and

tolling of limitations period by pendency of collateral proceedings).

Petitioner's state collateral proceedings concluded on December 28, 2006. Petitioner therefore had to file her habeas petition within forty-four days or before February 12, 2007. Petitioner did not file this petition until September 13, 2007, or seven months after the statute of limitations had expired.

In apparent anticipation of this problem with the timing of her filing, Petitioner attached a "Statement of Delay" to her petition. In it, she explains that her filing is delayed because she "had to find help" and she is "not experienced or educated in the law." Pet. at 23 (Dkt. No. 1). The one-year limitations period of 28 U.S.C. § 2244(d) is not jurisdictional and is subject to equitable tolling. *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). A petitioner bears the burden of demonstrating entitlement to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Courts consider whether to equitably toll the statute of limitations on a case-by-case basis. *Griffin v. Rogers,* 399 F.3d 626, 635 (6th Cir. 2005). The Sixth Circuit has emphasized that equitable tolling should be applied "sparingly." *Dunlap,* 250 F.3d at 1009. Courts in the Sixth Circuit are directed to use the following factors to guide their consideration:

> (1) the petitioner's lack of notice of the filing requirement;
>
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;
>
> (4) absence of prejudice to the respondent; and,
>
> (5) the petitioner's reasonableness in remaining ignorant of the legal

5

requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008. This list is not comprehensive, and each of the factors may not be relevant in all cases. *Griffin*, 399 F.3d at 635.

### A. Petitioner's knowledge of filing requirement.

In *Dunlap*, the petitioner filed two habeas petitions, "which the district court dismissed without prejudice, stating that they were premature because Petitioner's conviction was not final, i.e., the case had not been resolved on direct appeal." *Dunlap,* 250 F.3d at 1010. Petitioner filed his third petition two months after the statute of limitations had expired; his only explanation for the late filing was that he had filed two earlier petitions. *Id.* The Sixth Circuit found that the district court's dismissal orders had put the petitioner on notice that he needed to file a timely petition following the conclusion of his direct appeal. *Id.* The court held that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim; Petitioner's case is therefore not appropriate for the doctrine of equitable tolling." *Id.*

The orders in *Dunlap* dismissing the earlier petitions without prejudice were far more general than the 2005 Order in this case, which actually mapped out timing issues for Petitioner. Indeed, the Sixth Circuit has held that the statutory language of AEDPA alone is enough to put petitioners on notice of timing issues imposed by the statute of limitations. *Yukins*, 366 F.3d at 402. The 2005 Order put Petitioner on notice of when she needed to file a timely second petition.

### B. Petitioner's lack of diligence in pursuing her rights.

Petitioner does not argue that she was unaware of the deadline but instead offers

her lack of education, lack of legal knowledge and her inability to locate help as the reason she was late in filing. This Court has on numerous occasions rejected arguments that lack of academic and legal education, ignorance of the law, and lack of legal assistance is enough to equitably toll the limitations period. *See, e.g., Wilson*, 192 F.Supp.2d at 766 (citing *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001))*; Turner v. Smith*, 70 F.Supp.2d 785, 787 (E.D. Mich. 1999); *Moore v. Hawley*, 7 F.Supp.2d 901, 904 (E.D. Mich. 1998)). The Sixth Circuit has refused to apply the doctrine of equitable tolling even when the reason for a late filing was bad advice from an attorney. *See, e.g., Jurado v. Brut*, 337 F.3d 638, 644-45 (6th Cir. 2003). In this case, the record reveals that Petitioner was able to pursue her state post-conviction motions and appeals despite her asserted deficiencies.

The instant petition raises the same claims and makes the same arguments as those in Petitioner's post-conviction proceedings. Petitioner therefore had completed the legal work necessary for filing her second federal habeas petition during the post-conviction proceedings. Despite this fact, Petitioner waited nearly nine months to file, which was seven months after the statutory deadline. The Sixth Circuit has declined to equitably toll the AEDPA statute of limitations where the delay was far shorter than seven months. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (one month late); *Dunlap*, 250 F.3d at 1010 (more than two months late); *see also Allen*, 366 F.3d at 404 (seven months late). In light of this precedent, Petitioner's seven-month delay in filing the instant petition does not support the application of the equitable tolling doctrine especially in light of the fact that Petitioner simply re-filed claims and arguments she had already crafted for her post-conviction proceedings.

### C. Lack of prejudice to Respondent.

Lack of prejudice to a respondent is used in the calculus only if a factor that might justify tolling is identified. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Given the absence of any reason to apply the equitable tolling doctrine, this court is barred from considering this factor. *Allen*, 366 F.3d at 404.

### D. Conclusion on equitable tolling.

Petitioner failed to exercise due diligence in pursuing her claims despite her knowledge of the timing requirements. There is no satisfactory explanation for this failure. After considering the procedural history of this case, the Court concludes that the equitable tolling doctrine should not be applied.

### III. CONCLUSION

The court concludes that Petitioner filed an untimely petition for a writ of habeas corpus and that she is not entitled to application of the equitable tolling doctrine. The court therefore **DENIES** the petition and **DISMISSES IT WITH PREJUDICE.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the merits of the claims. *Id.* at 336-37.

For the reasons set forth in this opinion, the court finds that reasonable jurists would not find the court's decision to deny the petition on procedural grounds debatable or wrong. The Court therefore **DENIES** a certificate of appealability. The Court also concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as any appeal would be frivolous and not in good faith because a contrary finding on the statute of limitations issue lacks an arguable basis in either law or fact. *See* 28 U.S.C. § 1915(a)(3); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court therefore **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated:  January 21, 2010

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 21, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk